Jeffery B. HARSHBARGER, Plaintiff,

v.

CSX TRANSPORTATION, INC.,
a Virginia Corporation,
Defendant.

No. CIV.A. 3:05–0588.

United States District Court,
S.D. West Virginia,
Huntington Division.

April 25, 2007.

Christine A. Samsel and Heidi L. Gunst of Akin Gump Strauss Hauer & Feld, LLP, Washington, DC, Edward M. Kowal, Jr. of Campbell Woods, PLLC, Huntington, WV, for CSXT.

Timothy P. Rosinsky of Rosinsky Law Office, Huntington, WV, for Mr. Harshbarger.

## MEMORANDUM OPINION AND ORDER

CHAMBERS, District Judge.

Pending before the Court is Defendant CSX Transportation, Inc.'s *Motion for Summary Judgment*. [Doc. no. 40]. On April 23, 2007, the Court heard argument on the motion and, for the following reasons, the Court **GRANTS** Defendant's motion.

### I.

### FACTS

As this Court set forth in its prior Order entered on August 4, 2006, Plaintiff began working for Defendant in its Risk Management Department in approximately 1990. Plaintiff alleges in his Complaint that, during the course of his employment, he was harassed and intimidated by his supervisor, A.F. Bobersky. Plaintiff states he

complained of Mr. Bobersky's actions on August 7, 2001, after being assured that he would not be fired or retaliated against for documenting his complaints. Despite his complaints, Plaintiff states that Mr. Bobersky continued to harass him on more than one occasion. Therefore, Plaintiff continued to complain about Mr. Bobersky's actions.

In April of 2003, Plaintiff's complaints were ultimately reassigned to Matt Charron, a Human Resource employee, and Plaintiff spoke to Mr. Charron about the situation. A short time later, Mr. Charron contacted Plaintiff to discuss allegations that Plaintiff was involved in misconduct. Defendant asserts that it learned through its investigation that Plaintiff frequently became intoxicated at functions at which he was representing Defendant and, on one such occasion, he groped two women in a sexual and inappropriate manner. Plaintiff denied the allegations and suggested to Mr. Charron that Mr. Bobersky was behind the allegations. Plaintiff did not speak with Mr. Charron again. However, on July 24, 2003, Plaintiff was fired. Plaintiff believes that Mr. Bobersky fabricated the allegations against him in retaliation for Plaintiff's complaints against him. Plaintiff alleges, in part, that such action violated verbal assurances that he would not be terminated. Therefore, in Count II of his Complaint he asserts a claim for equitable estoppel[1] and detrimental reliance.[2]

## II.

### STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

## III.

### DISCUSSION

 Defendant argues that Plaintiff's sole remaining claim for "Collateral Estop-

---

**1.** Although Plaintiff labeled Count II "Collateral Estoppel," he clearly means equitable estoppel.

**2.** Plaintiff's claim of equitable estoppel and detrimental reliance is Plaintiff's only remaining cause of action. In its prior Order, the Court granted Defendant's Motion to Dismiss with respect to Plaintiff's claims for the Tort of Outrage, Violation of Public Policy, and Breach of Oral Contract.

pel/Detrimental Reliance" must be dismissed because Plaintiff has no evidence to support his claim. In order to prove equitable estoppel, the West Virginia Supreme Court stated in *Cleaver v. Big Arm Bar & Grill, Inc.*, 202 W.Va. 122, 502 S.E.2d 438 (1998), that:

> there must exist a false representation or a concealment of material facts; it must have been made with knowledge, actual or constructive of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice

Syl. Pt. 3, *Cleaver* (internal quotation marks and citations omitted). In addition, the court held "[i]t is essential to the application of the principles of equitable estoppel that the one claiming the benefit thereof establish that he relied, to his disadvantage or detriment, on the acts, conduct or representation of the one alleged to be estopped." Syl. Pt. 4, *Cleaver* (internal quotation marks and citations omitted).

■ In this case, Plaintiff has no evidence to demonstrate that false representations were made or that any of the individuals who told Plaintiff he would not be fired were aware of the falsity of those representations. Plaintiff asserts that he repeatedly was verbally assured that he would not lose his job for filing a complaint against Mr. Bobersky. Clearly, however, Defendant had a right to terminate Plaintiff's employment for his own misconduct, and Plaintiff concedes this point.[3] Defendant asserts that Plaintiff's misconduct was the sole grounds for his termination. Although Plaintiff claims the underlying reason for his firing was in retaliation for his complaints about Mr. Bobersky, Plaintiff can produce no evidence, other than

mere speculation, that he actually was fired because he complained about Mr. Bobersky. Even assuming Plaintiff could show that he was fired because of his complaint, there is no evidence that those who gave Plaintiff the verbal assurances (1) knew he would lose his job at the time those assurance were made and (2) knew that he would be terminated for filing his complaint about Mr. Bobersky. Indeed, undermining Plaintiff's position even further is the fact that Plaintiff first complained about Mr. Bobersky in 2001 and he was not terminated until 2003. Thus, given these facts, Plaintiff cannot meet the first two criteria in order to establish a equitable estoppel under *Cleaver*, and the Court **GRANTS** Defendant's Motion for Summary Judgment on this claim.

## IV.

### CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment [doc. no. 40] and, as there are no remaining claims against Defendant, **ENTERS** judgment in its favor.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

### JUDGMENT ORDER

In accordance with the accompanying Memorandum Opinion and Order granting Defendant's motion for summary judgment, the Court **ORDERS** that judgment be entered in favor of Defendant and that this case be dismissed and stricken from the docket of this Court.

The Court **DIRECTS** the Clerk to send a certified copy of this Judgment Order to

---

3. It is not disputed that Plaintiff was an at-will employee.